IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TJ RHODES, ) | |
| ) | |
| Plaintiff, ) | 6:16-cv-01502-JO |
| ) | |
| v. ) | |
| ) | ORDER |
| COUNTY OF MARION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

JONES, District Judge.

This prisoner civil rights case is before the court on several of plaintiff's nondispositive motions. Plaintiff has two motions to compel discovery. [## 52, 65] Defendants represent that they have produced all responsive documents that are within their possession and control. [## 69, 71, 75] Plaintiff seeks production of the transcript of a deposition and recordings of 911 dispatch calls related to his arrest. These items are not within the possession or control of defendants. Plaintiff must obtain the transcript from the court reporter who prepared it and the recordings from the Willamette Valley Communications Center. Accordingly, plaintiff's motions to compel [## 52, 65] are denied.

Plaintiff also moves for an extension of time of 120 days to complete discovery. [# 57] The defendants from the Marion County Sheriff's Office oppose the extension on the basis that all discovery has been produced and further delay is not warranted. [# 73] I find that plaintiff has had

-1-   ORDER

more than a reasonable amount of time to obtain the materials he believes he needs, and that defendants have produced all the discovery material they are required to produce. Accordingly, I deny plaintiff's motion. Nevertheless, I will delay ruling on the motions for summary judgment for 30 days during which plaintiff may try to obtain the deposition transcript and 911 recordings he seeks, not from the defendants, but from the appropriate custodians of those records.

Plaintiff also moves for a pretrial conference for the purpose of resolving discovery issues and discussing service of his complaint on Marion County. [# 56] This order resolves all pending discovery issues and the record reflects that Marion County was served on August 10, 2017. [# 59] Accordingly, there is no need for the requested conference and plaintiff's motion is denied.

Plaintiff moves to dismiss or stay defendants' motions for summary judgment to permit him to complete discovery. [# 58] This is, in essence, another framing of his motion for extension of time [# 57]. For reasons already given, this motion is denied. Plaintiff may submit additional evidence within 30 days if he is able to obtain the transcript of his deposition and 911 recordings from the persons or entities that possess and control them.

Plaintiff moves for an extension of time to file a brief in opposition to defendants' pending motions for summary judgment. [#76] Plaintiff has now filed his response and his motion for further extension is denied as moot.

Plaintiff moves for a stay of the proceedings in this case pending resolution of his state civil action for post conviction relief from his conviction of criminal charges to which he plead guilty and which arose from the circumstances that gave rise to his claim in this case. [# 89] Plaintiff's civil action for post conviction relief does not implicate all the dangers involved in parallel criminal proceedings. Nevertheless, out of an abundance of caution, I have considered the five factors

described in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), for determining whether to stay civil proceedings in favor of parallel criminal proceedings. I find that plaintiff has failed to meet his burden of showing that a stay is warranted in the present circumstances. *See Clinton v. Jones*, 520 U.S. 681, 708 (1996). The *Keating* factors militate against a stay because the burdens of an indefinite stay outweigh the unlikely potential that statements plaintiff makes during this case might one day be used against him if he obtains post conviction relief and is retried on the state criminal charges. Accordingly, plaintiff's motion to stay [# 89] is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motions to compel [## 52, 65], motion for pretrial conference [# 56], motion to extend discovery deadline [ #57], motion to dismiss or stay [# 58], motion for extension [# 76], and motion to stay proceedings [# 89] are DENIED. To accommodate plaintiff's continuing attempt to obtain materials he believes he needs, the court will delay ruling on the pending motions for summary judgment for an additional 30 days. Defendants' motions for summary judgment [## 44, 53] will be taken under advisement on May 10, 2018.

IT IS SO ORDERED.

DATED this 2nd day of April, 2018.

Robert E. Jones
United States District Judge